Raymond J. FRAHER, a/k/a Roy Don Fisher, Plaintiff in Error,

v.

The CITY OF OKLAHOMA CITY, Defendant in Error.

No. A–15597.

Court of Criminal Appeals of Oklahoma.

Oct. 29, 1969.

Rehearing Denied Nov. 6, 1969.

John E. Bennett, Oklahoma City, for plaintiff in error.

Roy Semtner, Municipal Counselor, Ron Collier, Asst. Municipal Counselor, for defendant in error.

BUSSEY, Judge.

This is an attempted appeal from the judgment and sentence entered on a plea of guilty from the Municipal Criminal Court of Oklahoma City, against Raymond J. Fraher, a/k/a Roy Don Fisher. Said judgment and sentence was entered on the 25th day of August, 1969, and thereafter a petition in error was filed in this Court on the 6th day of October, 1969, permission of the Presiding Judge having been obtained for filing the same. The City of Oklahoma City by and through its Assistant Municipal Counselor, has filed a Motion to Dismiss said appeal for the reason that the same was not filed in the manner prescribed by Rule 29 of this Court in that the petition in error was not filed within thirty (30) days from the rendition of judgment and sentence. The Plaintiff in Error filed a Response to the Motion to Dismiss, asserting that since permission to file said petition in error was first obtained from the Presiding Judge of this Court, the Motion to Dismiss should be denied.

Rule 29, Section 4(b) of the Court of Criminal Appeals provides:

"A petition in error must be filed with the clerk of this Court within thirty (30) days from the date judgment and sentence is rendered by the trial court; and within five (5) days from the date said petition in error is filed in this Court, plaintiff in error must file one copy of said petition with the clerk of the trial court, and serve one copy thereof on the Attorney General."

When the petition in error is not filed within the time provided in Rule 29, Section 4(b), supra, this Court is without jurisdiction to entertain an appeal and the Court may on its own Motion, dismiss the attempted appeal.

Since the provisions of Rule 29, Section 4(b) are mandatory, the granting of permission to file a petition in error after the time has expired for the filing of the same does not cure the jurisdictional defect.[1]

We are of the opinion and therefore hold, that the attempted appeal should be, and the same is hereby, dismissed, and the Clerk of this Court is directed to issue the mandate forthwith.

BRETT, P. J., and NIX, J., concur.

1. The Supreme Court of Oklahoma placed similar construction on their rules in Warehouse Market, Inc. v. Berry, 459 P.2d 853, delivered October 14, 1969.